## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**PATRICK LEAKS,**

      **Petitioner,**

**v.**                        **Case Nos: 8:14-cv-582-T-27AAS**
                                           **8:11-cr-28-T-27EAJ**

**UNITED STATES OF AMERICA,**

      **Respondent.**

_____/

## REPORT AND RECOMMENDATION

      Petitioner Patrick Leaks moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. 16). After considering the parties' submissions along with the record in Leaks's criminal proceedings, the undersigned recommends Leaks's section 2255 motion be **DENIED**.

## I.   BACKGROUND[1]

      According to the Presentence Investigation Report (PSR),[2] on November 19, 2010, law enforcement officers in St. Petersburg approached a vehicle in which Leaks was a rear passenger. (Cr-Doc. 138, p. 5). As the officers approached the vehicle,

---

[1]   Docket entries in the criminal case, 8:15-cr-328-T-24AAS, are cited as (Cr-Doc. [document number]).

[2]   Leaks objected to certain paragraphs of the PSR. At sentencing, Leaks abandoned many of those objections and those not abandoned were overruled. (Cr-Doc. 94, pp. 25-26, 34-35, 38).

they observed Leaks place something under the front passenger's seat and then move into that seat.   (*Id.*).   When the officers reached the vehicle, Leaks opened the front passenger door and reached towards the side of his seat.   (*Id.*).   The officers instructed Leaks to stop and Leaks held his hands up.   (*Id.*).   Leaks then struck one of the officers and fled.   (*Id.*).   After a physical altercation, the officers tasered Leaks several times and physically restrained Leaks after he pulled the taser out of his body.   (*Id.*).   The officers found a loaded .357-caliber handgun under the front passenger's seat and 13.5 grams of cocaine and a gram of marijuana in the center console of the vehicle.   (*Id.* at pp. 5-6).

In January 2011, a grand jury indicted Leaks on charges of possessing a firearm after felony convictions, in violation of 18 U.S.C. § 922(g)(1) (count I); possessing cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (count II); and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (count III).   (Cr-Doc. 1).   After a trial, the jury found Leaks guilty on all three counts.   (Cr-Doc. 58).

Due to Leaks's 1994 conviction for aggravated assault, 2004 conviction for fleeing and eluding, and 2006 conviction for fleeing and eluding, the probation officer recommended Leaks be sentenced as a career criminal under USSG §4B1.1 and as an armed career criminal under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) and its corresponding guideline, USSG §4B1.4.   (Cr-Doc. 138, ¶¶ 46, 50). The court sentenced Leaks to 300 months' imprisonment for possessing a firearm

after felony convictions (count I), 300 months' imprisonment for possessing cocaine with the intent to distribute (count II), and a consecutive 60 months' imprisonment for possessing a firearm in furtherance of a drug trafficking crime (count III).   (Cr-Doc. 79).

Leaks, through counsel, appealed his conviction and sentence.   (Cr-Doc. 80). Leaks raised four arguments on appeal.   (Cr-Doc. 99).   First, Leaks argued he received constitutionally ineffective assistance of counsel because his counsel invited the jury to find Leaks guilty of being a felon in possession of a firearm and possession of cocaine.   (*Id.*).   Second, Leaks argued the district court erred when it concluded Leaks's two prior convictions for fleeing or eluding qualified as violent felonies under the ACCA.   (*Id.*).   Third, Leaks argued Section 893.101, Florida Statutes, is facially unconstitutional, and Leaks's prior convictions under that statute used to enhance his sentence under 21 U.S.C. § 841(b)(1)(C), were void.   (*Id.*).   Fourth, Leaks argued his 360-month sentence was substantively unreasonable considering his prior criminal record, the small amount of cocaine in the vehicle, and that he did not brandish his weapon.   (*Id.*).   Leaks's conviction and sentence were affirmed on appeal.   *See United States v. Leaks*, 518 F. App'x 860 (11th Cir. 2013).

Leaks now seeks relief under Title 28, United States Code, Section 2255 on the grounds he received ineffective assistance from both his trial counsel and his

appellate counsel.  (Doc. 16).[3]  The United States responded in opposition to the motion.  (Doc. 34).  Leaks replied in response to the United States' opposition. (Docs. 30, 36).  Leaks supplemented certain arguments (docs. 27, 53, 61, 66, 70, 93, 99) and the United States responded (docs. 58, 61, 73).

## II.   DISCUSSION

### A.   Standard of Review

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing." *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014). Collateral review does not replace direct appeal, and therefore the grounds for collateral attack on final judgments under section 2255 are limited.  A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C.§ 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

---

[3]   The United States concedes this motion is timely.   (*See* Doc. 34, p. 2, n. 1).

A district court need not reconsider issues raised in a section 2255 motion that have been resolved on direct appeal. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) (quotation omitted).

Because a motion to vacate under section 2255 is not a substitute for direct appeal, issues that could have been raised on direct appeal are considered procedurally barred. *Lynn*, 365 F.3d at 1234-35. Without a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error: that he is "actually innocent." *Id.* at 1234. To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Id.* at 1235.

## B.     Ineffective Assistance of Counsel

Ineffective assistance of counsel claims generally are not cognizable on direct appeal and are properly raised by a section 2255 motion even if they could have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503 (2003). To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must show both that counsel's performance was below an objective and reasonable

professional norm and that he was prejudiced by this inadequacy.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984).   In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either prong.  *See Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, the court must consider "whether counsel's assistance was reasonable considering all the circumstances."  *Strickland*, 466 U.S. at 688.   Reviewing courts are to examine counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance."  *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689).   "[T]he fact that a particular defense ultimately proved to be unsuccessful [does not] demonstrate ineffectiveness." *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000).

To establish prejudice, defendant must show that, but for counsel's deficient performance, the outcome of the proceeding would have been different.  *Strickland*, 466 U.S. at 694.   A defendant must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  *Id.* at 687. Or in alleged sentencing errors, a defendant must show there is a reasonable probability that, but for counsel's errors, the result would have been less harsh

because of a reduction in the defendant's offense level.   *Glover v. United States*, 531 U.S. 198, 203 (2001).

Counsel is not constitutionally deficient for failing to preserve or argue a meritless claim.   *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015). This is true no matter if the issue is a trial or sentencing issue.   *See Sneed v. Florida Dep't of Corrections*, 496 F. App'x 20, 27 (11th Cir. 2012) (holding that the failure to preserve meritless *Batson* claim not ineffective assistance of counsel); *Lattimore v. United States*, 345 F. App'x 506, 508 (11th Cir. 2009) (holding that counsel not ineffective for failing to make a meritless objection to an enhancement).

## C.   Leaks's Claims

Leaks raises fifteen grounds for relief and supplemented certain arguments. (Docs. 16, 27, 30, 36, 53, 61, 66, 70, 93, 99).   The court will address Leaks's pre-sentencing and sentencing claims separately.

### 1.   Leaks's Pre-Sentencing Claims

#### a.   Failure to Communicate Plea Offer [Ground One]

Leaks argues his counsel was ineffective for failing to communicate a plea offer in which the United States allegedly was willing to agree to a sentence of ten years' imprisonment in exchange for a guilty plea.   (Doc. 16, pp. 18-19).   In response, the United State asserts it did not extend this plea offer.   (Doc. 34, pp. 9-10).

The *Strickland* test applies to ineffective assistance of counsel claims arising out of the plea process.   *Hill v. Lockhart*, 474 U.S. 52, 57 (1985).   As applied to the

plea situation, the first prong of *Strickland* remains the same in that the attorney's conduct must fall within the range of reasonable conduct.   *Id.* at 58.   The second prong of the *Strickland* test "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process."   *Id.* at 59.   When a defendant challenges a not-guilty plea based on ineffective assistance of counsel, he "must show that there is a reasonable probability that, but for counsel's errors, he would have pleaded guilty and would not have insisted on going to trial."   *Coulter v. Herring*, 60 F.3d 1499, 1504 (11th Cir.1995) (quotation and alterations omitted).

Leaks fails to prove that but for counsel's errors, the result would have been different.   Although Leaks argues he was prejudiced by counsel's failure to advise him of plea offers, the record does reflect that any such offers existed.   In addition, there is no evidence that Leaks expressed a desire or intent to plead guilty before he was convicted.   Thus, this claim fails.

### b.   Failure to Challenge the Vehicle Stop and Search [Ground Two]

Leaks argues his counsel was ineffective for failing to challenge the vehicle stop and subsequent search.   (Doc. 16, pp. 20-23).   In response, the United States asserts this claim fails because a motion to suppress evidence based on an unlawful stop and search would fail.   (Doc. 34, pp. 10-12).

This claim is procedurally barred as Leaks failed to raise it on direct appeal. Leaks fails to demonstrate cause and prejudice to overcome the procedural bar. Leaks's claim that the failure to raise this issue was due to ineffective assistance of

counsel, if true, would satisfy cause.   However, Leaks must demonstrate the claim would be meritorious.

"To obtain relief where an ineffective assistance claim is based on counsel's failure to file a timely motion to suppress, petitioner must prove: (1) that counsel's representation fell below an objective standard of reasonableness, (2) that the Fourth Amendment claim is meritorious, and (3) that there is a reasonable probability that the verdict would be different absent the excluded evidence." *Zakrsewski v. McDonough*, 455 F.3d 1254, 1260 (11th Cir. 2006) (citing *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986)).

Leaks fails to establish at least the first two *Zakreswski* elements.   Leaks claims that the officers "lacked probable cause or reasonable suspicion to make the traffic stop."   (Doc. 16, p. 21).   Contrary to Leaks's assertion, the officers lawfully stopped the vehicle for driving in the wrong lane and running a stop sign.   (*See* Cr-Doc. 92, p. 134).   Then, the officers lawfully searched the vehicle because they smelled marijuana emanating from inside.   (*See* Cr-Doc. 91, pp. 25-26); *United States v. Lueck*, 678 F.2d 895, 903 (11th Cir. 1982) ("[T]he recognizable smell of marijuana gives rise to probable cause supporting a warrantless search."); *United States v. Lightbourn*, 357 F. App'x 259, 265 (11th Cir. 2009) (holding that the site of marijuana in plain view provided probable cause to arrest suspect for marijuana possession).

Leaks supplemented this issue by citing *Byrd v. United States*, 138 S. Ct. 1518 (2018) and *Collins v. Virginia*, 138 S. Ct. 1663 (2018), to support his claim of an

unlawful stop and search.   (Doc. 93-1).   In *Byrd*, the Supreme Court held that an unauthorized driver in sole possession of a rental vehicle could have a legitimate expectation of privacy in the vehicle.   *Byrd,* 138 S. Ct. at 1528.   In *Collins*, the Supreme Court held the automobile exception did not permit the warrantless entry of a home or its curtilage to search a vehicle there.   *Collins*, 138 S. Ct. 1671.   Neither holding affects the result here.

The evidence supports the conclusion that a motion to suppress would not have succeeded and thus Leaks suffered no prejudice by not challenging the vehicle stop, search, and subsequent arrest.

### c.   Failure to Require a Chemist to Testify About Cocaine in the Vehicle [Ground Four]

Leaks argues his counsel was ineffective in failing to require a chemist to testify about the cocaine in the vehicle.   (Doc. 16, pp. 26-27).   In response, the United States contends this claim fails because Leaks stipulated that the substance in the vehicle was cocaine.    (Doc. 34, pp. 13-15).

This claim is procedurally barred because Leaks failed to raise it on direct appeal.    In addition, Leaks fails to demonstrate his counsel was ineffective for advising him to enter the stipulation or that he was prejudiced by the stipulation.

Leaks stipulated in writing that the substance in the vehicle was cocaine and did not object when the United States read the stipulation into the record.   (*See* Cr-Doc. 92, pp. 113-17).   Leaks has not shown that stipulating was an unreasonable trial strategy.   *See Lemon v. United States*, 335 F.3d 1095, 1096 (8th Cir. 2003)

(holding that stipulation that controlled substance was crack cocaine was not ineffective assistance); *Floyd v. United States*, No. 8:12-CR-T-27AEP, 2015 WL 1257397, at *3 (M.D. Fla. Mar. 18, 2015) (same).   If Leaks had not stipulated to the substance being cocaine, the United States could have called a chemist to testify that the substance was cocaine.   *See United States v. Roberts*, No. 4:03-CR-045-SPM, 2008 WL 216317, at *7 (N.D. Fla. Jan. 24, 2008) (finding that the petitioner was not prejudiced by stipulation to drug type where chemist would have testified that the drugs were cocaine).

Leaks fails to prove his counsel's performance was deficient or that he suffered prejudice, and this claim should be denied.

### d.   Failure to Call Certain Witnesses [Ground Five]

Leaks argues his counsel was ineffective for failing to call certain witnesses; specifically, a "forensic DNA specialist," Maya Wall, Stacy Bolden, and Nikita Johnson.   (Doc. 16, pp. 28-29).   Leaks argues these witnesses would support a claim that the handgun in the vehicle did not belong to Leaks.   (*Id.*).   In response, the United States asserts Leaks's counsel exercised a reasonable strategy in his selection of witnesses to testify.   (Doc. 34, pp. 15-18).

This claim is procedurally barred as Leaks failed to raise it on direct appeal. Leaks cannot demonstrate cause and prejudice as required to overcome the procedural bar.   Leaks claims that failure to raise this issue was ineffective assistance of counsel, if true, would satisfy cause.   However, Leaks must

demonstrate the claim would be meritorious.

"[C]omplaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative." *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978). "Which witnesses, if any, to call, and when to call them, is the epitome of a strategic decision that will seldom, if ever, serve as grounds to find counsel constitutionally ineffective." *Conklin v. Schofield*, 366 F.3d 1191, 1204 (11th Cir. 2004). "It is well-settled in this Circuit that a petitioner cannot establish an ineffective assistance claim simply by pointing to additional evidence that could have been presented." *Holt v. United States*, No. 2:08-CR-138, 2014 WL 3809108, at *3 (M.D. Fla. Aug. 1, 2014) (citing *Hall v. Thomas*, 611 F.3d 1259, 1293 (11th Cir. 2010)).

Leaks fails to show that the testimony of a DNA specialist would change the outcome. Both Ms. Wall and Ms. Johnson testified at trial. (Cr-Doc. 92, pp. 51-55, 91-93, 96-97). Ms. Wall testified she did not own a handgun and did not put a handgun in the vehicle. (*Id.* at pp. 52, 95). Ms. Johnson testified she did not put a handgun in the vehicle and did not know there was gun in the vehicle. (*Id.* at pp. 96-97). As to Ms. Bolden, Leaks did not specify what her testimony would reveal or how her testimony would differ from the testimony given by other witnesses.

Because there was ample evidence presented for a jury to conclude Leaks owned the handgun in the vehicle, Leaks's counsel cannot be said to have rendered

ineffective assistance of counsel for failing to call these witnesses.

### e. Concession of Guilt on Certain Charges [Ground Six]

Leaks argues his counsel was ineffective for conceding Leaks's guilt on certain charges and admitting to Leaks's prior drug convictions.  (Doc. 16, pp. 30-31).   In response, the United States asserts Leaks's claim fails because Leaks's counsel made these concessions strategically and with Leaks's knowledge.   (Doc. 34, pp. 18-19).

During closing arguments Leaks's counsel conceded that the evidence established that Leaks possessed the handgun and cocaine in the vehicle.   (Cr-Doc. 93, pp. 26-45).   Leaks's counsel also conceded Leaks's prior convictions for possession of cocaine but argued Leaks did not possess the intent to distribute the cocaine because it was for personal use.   (*Id.* at pp. 26-45).   Leaks's counsel invited the jury to find Leaks guilty of the charges of possessing a firearm after being convicted of a felony and possession of cocaine but asked the jury to acquit him of the charge of possession of cocaine with intent to distribute.   (*Id.* at p. 45).

Leaks's counsel made these admissions strategically, in the attempt persuade the jury to acquit the defendant of the more serious charge of possession of cocaine with intent to distribute.   (*See* Doc. 34, Ex. A, ¶ 12).   Leaks's counsel pursued this strategy with Leaks's approval.   (*Id.*).

 "Courts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'"   *Chandler*, 218 F.3d 1305, 1314 (11th Cir. 2000)

(quoting *Strickland*, 466 U.S. at 689-90).   The reasonableness of counsel's strategy depends "critically" on a defendant's own statements or actions.   *Id.* at 1318-19 (citations omitted).   Thus, it is hard to prove that counsel was ineffective when the defendant agreed to counsel's strategy.   *See Tafero v. Wainwright*, 796 F.2d 1314, 1320 (11th Cir. 1986) ("In this case, any inquiry into whether this closing argument amounted ineffective assistance is rendered easy because [the petitioner] agreed to this strategy.").   Leaks's counsel's strategy here was reasonable and agreed to by Leaks.

Leaks supplemented this issue citing *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018).   (Doc. 93-1).   In *McCoy*, the defendant in a death penalty trial repeatedly told his counsel not to concede his guilt on murder charges, maintaining he was innocent.   *Id.* at 1506.   There was no question counsel knew of the defendant's "complet[e] oppos[ition] to [his counsel] telling the jury that [the defendant] was guilty of killing" three people.   *Id.*   Even so, during his opening statement and closing argument, to maintain credibility with the jury for the penalty phase, counsel told the jury that the defendant was guilty.   *Id.* at 1507.   The Supreme Court held that when a defendant "vociferously insist[s] that he did not engage in the charged acts and adamantly object[s] to any admission of guilt," defense counsel is prohibited from admitting a defendant's guilt during the guilt phase of trial.   *Id.* at 1505.

Unlike *McCoy*, Leaks agreed with counsel's strategy to concede to certain charges.   The Supreme Court and the Eleventh Circuit have recognized that

conceding guilt can be a reasonable strategy when the defendant intends to focus on other issues.  *See, e.g.*, *Florida v. Nixon*, 543 U.S. 175, 190-92 (2004) (holding it was reasonable for counsel to concede defendant's guilt in capital murder case to focus on persuading jury to recommend a life sentence); *Darden v. United States*, 708 F.3d 1225, 1230 (11th Cir. 2013) (holding a concession of guilt on some charges can be a viable strategy when part of a defense strategy to build credibility with the jury); *Kelly v. United States*, 820 F.2d 1173, 1176 (11th Cir. 1987) (holding counsel's concession of defendant's guilt of marijuana importation charges was a reasonable strategy to avoid conviction of distribution charges).

Because counsel's performance was not objectively unreasonable, the court does need not reach *Strickland*'s prejudice prong.   Thus, this claim fails.

### f.    Failure to Testify [Ground Seven][4]

Leaks claims his counsel was ineffective for denying Leaks the right to testify. (Doc. 16, pp. 32-33).   Leaks discussed his desire to testify with the court and then did not testify.   (Cr-Doc. 92, pp. 163-64); *See Asghedom v. United States*, No. 2:12-CR-00501-LSC-TMP, 2018 WL 5278944, at *5 (N.D. Ala. Oct. 24, 2018) ("The record is abundantly clear that [the petitioner] understood his personal right to decide whether or not to take the stand in his own defense, and he freely elected not to do so.   Because [the petitioner's] second claim is contradicted by the record, it fails.").

---

[4]   Leaks's arguments that counsel was ineffective for failing to call witnesses Maya Walls, Stacy Bolden, and Nikita Johnson were addressed above.

Thus, this claim fails.

### g. Failure to Object to the United States' Expert [Ground Ten]

Leaks argues his counsel was ineffective for failing to object to the testimony of Lt. Antonio Gilliam and for failing to appeal this issue. (Doc. 16, pp. 42-43). In response, the United States argues the court ruled on this issue at the trial level and there was no valid basis to appeal. (Doc. 34, pp. 25-26).

Lt. Gilliam testified as an expert about these topics: (1) the amount of cocaine considered for personal use amount; (2) whether firearms were tools of the trade for drug traffickers; and (3) that drug dealers typically use certain code words for discussing drugs. (Cr-Doc. 92, pp. 119-60). The court considered Leaks's counsel's objections to Lt. Gilliam's ability to testify. (*See* Cr-Docs. 27, 28, 39, 91). The court determined that Lt. Gilliam was qualified to testify as to these topics. (Cr-Doc. 92, pp. 119-160).

This trial court ruled on this issue and Leaks identifies no flaw in the court's reasoning or application of the law that his appellate counsel should have appealed. "Significant latitude [is] afforded appellate counsel in 'winnowing out weaker arguments on appeal and focusing on those more likely to prevail, [which,] far from being evidence of incompetence, is the hallmark of effective appellate advocacy.'" *Brownlee v. Haley*, 306 F.3d 1043, 1063 (11th Cir. 2002) (quoting *Smith v. Murray*, 477 U.S. 527, 536 (1986)). With no deficiency, there is no prejudice. Thus, this claim fails.

### h.      Failure to Investigate [Ground Eleven]

Leaks argues his counsel was ineffective for failing to conduct an adequate investigation about the testimony of Officer Willard Smith.  (Doc. 16, pp. 44-45).  Leaks alleges Officer Smith perjured himself while testifying about the events of Leaks's arrest.  (*Id.*).  Leaks offers no evidence supporting the alleged perjury nor that the impeachment of Officer Smith's testimony would have changed the outcome.  Thus, this claim fails.

### i.      Failure to Object to Evidence [Ground Fifteen]

Leaks argues his counsel was ineffective for failing to object to the admission of the recorded telephone conversations about drug sales.  (Doc. 16, pp. 51-53).  The parties litigated this issue at the trial level and the court allowed the evidence.  (*See* Cr-Doc. 29, 39, 92).  Leaks fails to identify any flaw in the court's reasoning or application of the law that counsel should have appealed.   Thus, this claim fails.

### j.      *Rehaif v. United States* Challenge

Leaks supplemented his motion based on a "change in law" under *Rehaif v. United States*, 139 S. Ct. 2191 (2019).  (Doc. 99).  Leaks offers this decision to challenge his conviction for possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g).  (Doc. 99).

*Rehaif* did not announce a "new rule of constitutional law," but clarified that, in prosecuting an individual under 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2)—which provides that anyone who "knowingly violates" § 922(g) can be imprisoned for

up to 10 years—the government must prove that the defendant knew he violated each of the material elements of § 922(g).   *Rehaif*, 139 S. Ct. at 2195-96.   Even if *Rehaif* had announced a new rule of constitutional law, it was not made retroactive to cases on collateral review.   *See Tyler v. Cain*, 533 U.S. 656, 661-66 (2001).   Thus, this claim fails.

### 2.   Leaks's Sentencing Claims

#### a.   Improper Sentencing Based on the Mischaracterization of Leaks's Prior Fleeing and Eluding Offense as a Violent Felony [Ground Three][5]

After supplementing his motion, Leaks argues *Johnson v. United States*, 135 S. Ct. 2551 (2015), invalidates his ACCA enhancement and sentence for count I, possessing a firearm after felony convictions, in violation of 18 U.S.C. § 922(g)(1). (Docs. 53, 61).   The United States concedes that while Leaks's armed career criminal status changed under the ACCA post-*Johnson*, this does not affect his total sentence and warrant resentencing.   (Doc. 58).

The court sentenced Leaks to 300 months' imprisonment for possessing a firearm after felony convictions, in violation of 18 U.S.C. § 922(g)(1) (count I), because of his status as an armed career criminal under the ACCA.[6]   (*Id.*).   In *Johnson*, the

---

[5]   Leaks amended ground three, the United States responded, and Leaks replied to the United States' response.   (Docs. 53, 58, 61, 70, 73).

[6]   Under the ACCA, when a court relies on the residual clause to find that the defendant had the necessary three prior convictions, the defendant's sentence rises from a maximum of ten years to a minimum of fifteen years.   *See* 18 U.S.C. § 924(a)(2) with 18 U.S.C. § 924(e)(1).   Thus, *Johnson* alters the permissible range of

Supreme Court held that the residual clause in the definition of "violent felony" in the ACCA is unconstitutionally vague. *Johnson*, 135 S. Ct. 2557, 2563. This holding applies retroactively. *See Schriro v. Summerlin*, 542 U.S. 348, 352 (2004).

At the time of sentencing, Leaks had three then-qualifying predicate convictions, one for aggravated assault and two for fleeing or eluding. Post-*Johnson*, neither of Leaks's fleeing-or-eluding convictions qualify as violent felonies under the ACCA. Thus, Leaks lacks three qualifying convictions required by section 924(e), and no he longer qualifies as an armed career criminal. Leaks's sentence for his section 922(g) conviction thus exceeds the unenhanced ten-year maximum in section 924(a).

That said, resentencing Leaks for count I is unnecessary because the guidelines' residual clause still operates to enhance Leaks to career offender status for his sentencing under counts II and III, possessing cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).[7] The court sentenced Leaks as a career offender under the guidelines to 300 months'

---

sentencing for Leaks for count I.

[7]   Leaks's two fleeing-or-eluding convictions continue to qualify as "crimes of violence" under USSG §4B1.2(a)(2). Leaks's 1994 conviction for aggravated assault also qualifies under the guidelines, under the residual clause, the elements clause, and as an enumerated offense. *See* USSG §4B1.2. Leaks thus has three qualifying predicate convictions that satisfy the two required by USSG §4B1.1 to support his career offender enhancement.

imprisonment for count II, plus a mandatory consecutive 60-month term for count III.   (Cr-Doc. 94, pp. 38, 60).

The concurrent sentence doctrine establishes that the existence of one valid conviction may make unnecessary the review of other convictions when there are concurrent sentences, provided there are no adverse collateral consequences as a result of the concurrent sentence.   *United States v. Hudacek*, 24 F.3d 143, 145 n.1 (11th Cir. 1994).   Correcting Leaks's sentence as to count I would not change Leaks's total sentence—360 months—and is unnecessary.

In *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016), the Supreme Court addressed the application of plain error review to guidelines calculations.   "To demonstrate that an error harmed a defendant's substantial rights, the defendant must generally 'show a reasonable probability that, but for the error, the outcome of the proceeding would have been different.'"   *See United States v. Black*, 750 F. App'x 887, 891 (11th Cir. 2018); *see also United States v. Newton*, 766 F. App'x 742, 757 (11th Cir. 2019) ("Thus, to take advantage of the assumption/presumption *of Molina-Martinez* that a defendant who shows that he was sentenced pursuant to an incorrect sentencing range is a defendant who has shown a probability that, absent the error, the outcome of the proceeding would have been different.").   Because the court sentenced Leaks to 300 months' imprisonment for count II, plus a mandatory consecutive 60 months' imprisonment for count III, reducing Leaks's concurrent sentence of 300 months' imprisonment for count I would not change the outcome.

Because Leaks's *Johnson* arguments relate solely to his armed career criminal designation and his 360 month sentence for the other counts remains unaffected by removal of that designation for count I, Leaks fails to establish prejudice to warrant relief.

Leaks argues *McFadden v. United States*, 135 S. Ct. 2298 (2015) invalidates his enhancements based on his prior drug convictions under Fla. Stat § 893.13. (Docs. 53, 61).   Leaks's PSR recommended enhancement for his aggravated-assault and fleeing-or-eluding convictions, not prior drug convictions.   (Cr-Doc. 138, ¶¶ 46, 50).   The court did not rely on Leaks's drug convictions for either the career offender enhancement or the armed career criminal enhancement.   *See* USSG §4B1.2(b); 18 U.S.C. § 924(e)(2)(A)(ii).   Thus, Leaks's *McFadden* contentions lack merit.

Leaks requests to submit further briefing on the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017).   (Doc. 70).   In *Beckles*, the Supreme Court held that the United States Sentencing Guidelines' residual clause remains valid after *Johnson*, because the advisory guidelines "do not fix the permissible range of sentences," and thus "are not subject to a vagueness challenge under the Due Process Clause."   *Beckles*, 137 S. Ct. at 892.   Leaks's claim that *Beckles* somehow relates to his entitlement to a downward variance under 18 U.S.C. § 3553(a) is not a cognizable claim and is procedurally barred.   Leaks has not raised a fundamental defect that inherently results in a complete miscarriage of justice.   *See Spencer*, 773 F.3d at 1138.   Thus, this claim fails.

**b.    Failure to Raise Sentencing Claims on Appeal [Grounds Eight, Nine, Twelve, Thirteen, and Fourteen]**

Leaks raises various claims of error in his sentencing.   (Doc. 16, pp. at 34-36, 39-41, 46-47, 48-49, and 50).   These claims are procedurally barred because Leaks failed to raise them on direct appeal.   Leaks must demonstrate cause and prejudice as required to overcome the procedural bar.

Relying on *Descamps v. United States*, 133 S. Ct. 2276, (2013),[8] and *Donawa v. U.S. Att'y Gen.*, 735 F.3d 1275 (11th Cir. 2013),[9] Leaks argues his controlled substance convictions should not have enhanced his sentence under 21 U.S.C. § 851 and should not have been used to determine he qualified as an armed career criminal. (Doc. 16, pp. 34-36).    However, contrary to Leaks's argument, Leaks's PSR recommended enhancement for his aggravated-assault and fleeing-or-eluding convictions, not prior drug convictions.   (Cr-Doc. 138, ¶¶ 46, 50).

Leaks also argues using his prior convictions to enhance his sentence is unlawful because the Florida drug statute does not contain a mens rea element.   In *United States v. Smith*, 775 F.3d 1262, 1268 (11th Cir. 2014), the Eleventh Circuit

---

[8]   In *Descamps*, the Supreme Court held that the modified categorical approach to determine whether a conviction was for a crime of violence does not apply to "indivisible" statutes.   133 S. Ct. at 2281-82.

[9]   In *Donawa*, the Supreme Court addressed the meaning of an "aggravated felony" under 8 U.S.C. § 1227(a)(2)(iii) in the context of deportation under the Immigration and Nationality Act, not the ACCA.   735 F.3d 1275

rejected Leaks's argument.   In *Smith*, the appellant argued that his prior convictions under section 893.13(1)(a), Florida Statutes, were not serious drug offenses because the Florida statute does not include an element of mens rea on the illicit nature of the controlled substance.   The Eleventh Circuit rejected that argument, observing that "[n]o element of mens rea with respect to the illicit nature of the controlled substance is expressed or implied by" the ACCA's definition of a "serious drug offense."   *Smith*, 775 F.3d at 1267.   The court held,

> Section 893.13(1) of the Florida Statutes is both a "serious drug offense," 18 U.S.C. § 924(e)(2)(A), and a "controlled substance offense," U.S.S.G. § 4B1.2(b).   Neither definition requires that a predicate state offense includes an element of mens rea with respect to the illicit nature of the controlled substance.

*Id.* at 1268.

Leaks further argues his counsel was ineffective for failing to object that his sentence was improperly enhanced based on a NCIC report entry on his aggravated assault conviction.   (Doc. 16, pp. 39-40).   The trial court addressed this issue and did not rely on the NCIC report in finding Leaks had been convicted for aggravated assault.   (Cr-Doc. 92, pp. 25-35).

Leaks argues applying the "preponderance of the evidence" standard to determine if he had the requisite convictions to qualify under the ACCA was unconstitutional.   (Doc. 16, pp. 40-41).   Contrary to Leaks's argument, the government must establish prior convictions for ACC purposes by a preponderance of the evidence.   *See United States v. Holton*, 571 F. App'x 794, 798 (11th Cir. 2014).

Thus, this claim fails.

Leaks argues he was improperly sentenced based on facts—his prior convictions—not submitted and found by the jury, in violation of *Alleyne v. U.S.*, 133 S. Ct. 2151 (2013).   (Doc. 16, pp. 41, 46-47, 50).   This argument lacks merit because *Alleyne* does not apply to prior convictions and does not apply retroactively on collateral review.   *Jeanty v. Warden*, 757 F.3d 1283, 1285-86 (11th Cir. 2014).

Leaks argues his counsel was ineffective for failing to raise USSG Amendment 709 in his appeal.   (Doc. 16, pp. 48-49).   Amendment 709 does not apply to Leaks's sentencing because it was enacted on November 1, 2007, and Leaks was sentenced in 2010.   At Leaks's sentencing, this amendment was incorporated into the Guidelines. Thus, counsel was not ineffective for failing to raise this issue.

### D.   Evidentiary Hearing

"An evidentiary hearing is not required" simply because a "petitioner asserts a claim of ineffective assistance under section 2255."   *Gordon v. U.S.*, 518 F.3d 1291, 1299 (11th Cir. 2008) (affirming denial of hearing).   Rather, a district court must "grant a prompt hearing" under section 2255(b) only if the petitioner alleges specific facts that would entitle him to relief if proven.   28 U.S.C. § 2255(b).   If a petitioner provides only "conclusory allegations unsupported by specifics" to support his claim, a hearing is unnecessary.   *Franklin v. U.S.*, 227 F. App'x 856, 859 (11th Cir. 2007) (quoting *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991)).

A hearing is unnecessary here because it can be determined from the record

that Leaks's grounds for relief are meritless or subject to procedural bars.

## III.   CONCLUSION

Leaks's ineffective assistance claims fail to meet both prongs of *Strickland*. Leaks's substantive claims fail because they are procedurally barred and because they lack merit.   Although *Johnson* altered Leaks's armed career criminal status, this does not affect his overall sentence and so does not warrant resentencing.

It is **RECOMMENDED** that Leads' motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 16) be **DENIED**, and the Clerk be directed to enter judgment against Leaks in the civil case and close the case.

**ENTERED** in Tampa, Florida, on February 26, 2020.


AMANDA ARNOLD SANSONE
United States Magistrate Judge

25

**<u>NOTICE TO PARTIES</u>**

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections.   28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.   A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.   11th Cir. R. 3-1.


cc: Patrick Leaks