UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICK LEAKS

v.                                                 Civil Case No. 8:14-cv-582-T-27AAS
                                                   Crim Case No. 8:11-cr-28-T-27AAS

UNITED STATES OF AMERICA

_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation submitted by the Magistrate

Judge (cv Dkt. 101) recommending that Petitioner Leaks' Amended Motion Under 28 U.S.C. §

2255 to Vacate, Set Aside, or Correct Sentence (cv Dkt. 16) be denied. Leaks has filed objections

to the Report and Recommendation (cv Dkt. 106). After careful consideration of the Report and

Recommendation and Leaks' objections, in conjunction with an independent examination of the

file, the Report and Recommendation is due to be adopted, confirmed, and approved with the

modifications discussed below.

## BACKGROUND

The Report and Recommendation outlines the relevant factual background. (cv Dkt. 101 at

1-4). In sum, law enforcement stopped and searched a vehicle in which Leaks was a passenger.

(Id. at 2). The officers found a loaded handgun under the front passenger seat and 13.5 grams of

cocaine and a gram of marijuana in the center console of the vehicle. (Id.). Leaks was indicted and

charged with possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count

One), possessing cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count

Two), and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §

924(c) (Count Three). (cr Dkt. 1). A jury found him guilty on all three counts. (cr Dkt. 58).

Leaks was sentenced to 300 months on Counts One and Two to run concurrently, followed by a mandatory consecutive term of 60 months on Count Three. (cr Dkt. 94 at 60). The convictions and sentence were affirmed on appeal. *See United States v. Leaks*, 518 F. App'x 860 (11th Cir. 2013). Leaks filed, amended, and supplemented a § 2255 motion, raising fifteen claims. (cv Dkt. 16).[1] The Magistrate Judge recommends that the claims be denied. (cv Dkt. 101).

## STANDARD OF REVIEW

Leaks objects to the Magistrate Judge's recommendation as to each of the claims in his § 2255 motion. A district court may accept, reject, or modify a report and recommendation. 28 U.S.C. § 636(b)(1). Those portions to which objections are made are reviewed *de novo*. *Id.*; Fed. R. Civ. P. 72(b)(3). Objections must "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009). In the absence of a specific objection to factual findings, there is no requirement that the district court review the findings *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993). The report and recommendation is reviewed for clear error in the absence of objections. *Macort v. Prem, Inc.*, 208 F. App'x. 781, 784 (11th Cir. 2006). Legal conclusions are reviewed *de novo*. *See LeCroy v. McNeil*, 397 F. App'x. 554, 556 (11th Cir. 2010) (citation omitted).

## DISCUSSION

The Magistrate Judge correctly recommended that Leaks' claims be denied, since he fails to demonstrate deficient performance or resulting prejudice to support his ineffective assistance of

---

[1] Leaks has also filed multiple replies. (cv Dkts. 30, 36, 61). This Court is mindful of its responsibility to address and resolve all claims raised in his motion. *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (instructing "the district courts to resolve all claims for relief raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254"). That said, nothing in *Clisby* requires or suggests consideration of a claim raised for the first time in a reply.

counsel claims, and his claims independent of ineffective assistance of counsel are procedurally defaulted or lack merit.[2] *See* (cv Dkt. 101 at 25). Leaks' claims and objections will be addressed in turn.

***Ground One***

In Ground One, Leaks contends counsel was ineffective in failing to inform him of a plea agreement offer in which the United States agreed to a sentence of 10 years imprisonment. (cv Dkt. 16 at 18-19). In response, the United States asserts it did not extend such an offer. (cv Dkt. 34 at 9-10). The Magistrate Judge determined that Leaks failed to prove that, in the absence of deficient performance, the result would have been different, since the record does not reflect that any offers existed, and "there is no evidence that Leaks expressed a desire or intent to plead guilty before he was convicted." (cv Dkt. 101 at 7-8).

Leaks objects, noting that his and his counsel's affidavits indicate a plea agreement was offered. (cv Dkt. 106 at 1-3). He further contends that, although counsel avers the plea agreement provided for 188-235 months imprisonment, counsel told him the agreement provided for 10 years, and that counsel discouraged him from pleading guilty because counsel insisted that he could prevail at trial.[3] (Id.). Leaks' contentions are without merit.

---

[2] To the extent Leaks contends he is actually innocent of his crimes of conviction to circumvent a procedural bar or as a freestanding claim, he fails to make the requisite showing. *See Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1010-12 (11th Cir. 2012).

[3] The Report and Recommendation addresses various averments in counsel's affidavit. To the extent the affidavit is contradicted by Leaks' allegations, it is unnecessary to rely on counsel's affidavit or hold an evidentiary hearing to resolve Leaks' claims, since the motion "and the files and records of the case conclusively show that [he] is entitled to no relief." 28 U.S.C. § 2255(b).

Additionally, Leaks is incorrect that counsel avers the United States offered a plea agreement that provided for 188-235 months imprisonment. Rather, counsel avers that had Leaks sought to enter a plea agreement, the likely guidelines range was 188-235 months. (cv Dkt. 34-1 ¶ 8; cv Dkt. 34-2). And while in his § 2255 motion Leaks contends that counsel failed to inform him of the plea agreement, in his objection he appears to contend that, while counsel did inform him of the agreement, counsel discouraged him from accepting it.

Indeed, Leaks is unable to show that, even if a plea agreement was offered, "there is a reasonable probability that, but for counsel's errors, he would have pleaded guilty." *Coulter v. Herring*, 60 F.3d 1499, 1504 (11th Cir. 1995) (quotation marks, citations, and alterations omitted). As the Magistrate Judge noted, there is no clear evidence he expressed a desire or intent to plead guilty before he was convicted.

First, in Leaks' amended § 2255 motion, he does not expressly state that he would have pleaded guilty pursuant to a plea agreement. Tellingly, although Leaks suggests in his objection to the Report and Recommendation that he would have pleaded guilty, he nonetheless raises several arguments to establish his actual innocence of the crimes of conviction. And in his § 2255 motion, Leaks argues that "[c]ounsel was ineffective for conceding [his] guilt when in fact, [Leaks] was maintaining his innocence, and not wanting to plead guilty at all." (cv Dkt. 16 at 30).

As noted by the Eleventh Circuit, a petitioner's refusal to accept responsibility during criminal proceedings contradicts his claim that he would have pleaded guilty with effective assistance of counsel. *Rosin v. United States*, 786 F.3d 873, 878-79 (11th Cir. 2015). Leaks' insistence on his innocence contradicts his assertion that he would have pleaded guilty. Accordingly, the Magistrate Judge correctly determined that Ground One is without merit and due to be denied.

***Ground Two***

In Ground Two, Leaks contends his counsel was ineffective in failing to challenge law enforcement's stop and search of the vehicle. (cv Dkt. 16 at 20-23). In response, the United States asserts the claim fails because a motion to suppress would have been without merit. (cv Dkt. 34 at 10-12). The Magistrate Judge agreed, noting that the record indicates the officers lawfully stopped

the vehicle for driving in the wrong lane and running a stop sign and lawfully searched the vehicle because they smelled marijuana emanating from the vehicle. (cv Dkt. 101 at 8-10).[4]

Leaks objects, contending the officers lacked articulable suspicion for the stop and search because the car was parked in a driveway and that the dispatch communication indicates the car did not run a stop sign. (cv Dkt. 106 at 4-7). He also notes that he provided affidavits from Maya Wall and Nikita Johnson in support of his contention, and that counsel's contention that Leaks lacked standing to challenge the traffic stop was incorrect. (Id. at 5-6). His contentions are without merit.

"To obtain relief where an ineffective assistance claim is based on trial counsel's failure to file a timely motion to suppress, a petitioner must prove: (1) that counsel's representation fell below an objective standard of reasonableness, (2) that the Fourth Amendment claim is meritorious, and (3) that there is a reasonable probability that the verdict would have been different absent the excludable evidence." *Zakrzewski v. McDonough*, 455 F.3d 1254, 1260 (11th Cir. 2006). Leaks has not established that counsel's representation fell below an objective standard of reasonableness.

Indeed, a reasonable attorney could have determined that, given the evidence of the lawful stop and search, a motion to suppress would have been unlikely to succeed, even if Leaks insisted the stop and search were unlawful. Additionally, although in his reply he claims he was the driver of the vehicle, in accord with Johnson's affidavit, in the motion he states that he was a passenger. (cv Dkt. 16 at 20-21; cv Dkt. 30 at 5; cv Dkt. 106 at 18; cv Dkt. 3 at 2). This inconsistency belies

---

[4] The Magistrate Judge also determined that, as argued by the United States, the claim was procedurally defaulted because Leaks failed to raise it on direct appeal and was unable to demonstrate cause and prejudice. (cv Dkt. 101 at 8-9). Leaks objected to this finding. (cv Dkt. 106 at 4). While Leaks' ineffective assistance of counsel claim is not procedurally defaulted, *see Massaro v. United States*, 538 U.S. 500, 504 (2003), to the extent he argues that the evidence was improperly admitted independent of ineffective assistance of counsel, the claim is defaulted.

Leaks' contention that counsel's representation was deficient and that a motion to suppress would be meritorious. Accordingly, the Magistrate Judge properly determined that Ground Two is without merit and due to be denied.

### Ground Three

In Ground Three, Leaks contends *Johnson v. United States*, 135 S. Ct. 2551 (2015), invalidates his 300-month sentence on Count One, possession of a firearm as a convicted felon, as enhanced by the Armed Career Criminal Act (ACCA).[5] (cv Dkt. 16 at 24; cv Dkts. 53, 61). The United States responds that although he is no longer an armed career criminal under the ACCA, his total sentence is unaffected and accordingly, resentencing is unwarranted. (cv Dkt. 58). The Magistrate Judge agreed, finding that a resentencing is unnecessary because Leaks was sentenced concurrently as a career offender to 300 months on Count Two. (cv Dkt. 101 at 18-21). The Magistrate Judge applied the concurrent sentence doctrine, which provides that "the existence of one valid conviction may make unnecessary the review of other convictions when concurrent sentences have been given, provided there are no adverse collateral consequences to a defendant as a result of the concurrent sentence." (Id. at 20-21); *United States v. Hudacek*, 24 F.3d 143, 145

---

[5] At the time of sentencing, Leaks had two prior convictions for fleeing or eluding, which qualified as ACCA predicate offenses under the residual clause's definition of "violent felony" and as "crime[s] of violence" under USSG § 4B1.2(a)(2). (cr Dkt. 138 ¶¶ 46, 50; cr Dkt. 94 at 25). *Johnson* held that the ACCA's residual clause is unconstitutional, and this holding applies retroactively to cases on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1265, 1268 (2016). Notwithstanding, *Johnson* did not affect the definition of "crime of violence" under § 4B1.2(a)(2). *See Beckles v. United States*, 137 S. Ct. 886, 892 (2017); (cv Dkt. 70). And the subsequent removal of § 4B1.2(a)(2)'s residual clause has no bearing on Leaks' claims. *See United States v. Craig*, 706 F. App'x 545, 550-51 (11th Cir. 2017). Leaks' conviction for aggravated assault also qualifies as a crime of violence under § 4B1.2(a)(2). *See Turner v. Warden*, 709 F.3d 1328, 1335 n.4 & 1338 (11th Cir. 2013).

And as the Magistrate Judge correctly determined, Leaks' argument under *McFadden v. United States*, 135 S. Ct. 2298 (2015), is without merit, since the Court did not rely on his drug convictions in applying the career offender enhancement. As to his prior conviction of a controlled substance offense to support his enhanced sentence on Count Two, Leaks cites no authority finding section 893.13 of the Florida Statutes unconstitutional under *McFadden* or that the enhancement required him to know the illicit nature of the controlled substances. *See United States v. Burton*, 564 F. App'x 1017, 1019 (11th Cir. 2014) ("[T]the plain language of § 4B1.2(b) does not require knowledge of the substance's illicit nature for an offense to be a controlled substance offense.").

n.1 (11th Cir. 1994); *see also Padgett v. United States*, 791 F. App'x 51, 55 (11th Cir. 2019) (noting that concurrent sentence doctrine applies to challenges of sentences).

Leaks objects, contending that the change to his armed career criminal status disrupts the sentencing scheme.[6] (cv Dkt. 101 at 22-24). He further contends his sentence is unconstitutionally vague, he is actually innocent of the enhancement, and that his claims are not procedurally defaulted because they are jurisdictional in nature. (Id.). His contentions are without merit.

Indeed, the concurrent sentence doctrine renders review of Count One's sentence unnecessary. In *In re Williams*, 826 F.3d 1351 (11th Cir. 2016), the Eleventh Circuit applied the concurrent sentence doctrine in deciding not to review a sentence, where the petitioner "received a concurrent mandatory life sentence . . . that was unrelated to his ACCA status." 826 F.3d at 1356-57; *see also Streator v. United States*, 431 F.2d 567, 568 (5th Cir. 1970) (affirming denial of § 2255 motion where petitioner challenged one conviction and was sentenced concurrently on other convictions).[7]

Additionally, although the concurrent sentence doctrine is inapplicable where "the defendant would suffer adverse collateral consequences from the unreviewed conviction," *In re*

---

[6] In doing so, Leaks appears to invoke the sentencing package doctrine. As the Eleventh Circuit explains,

> when a conviction on one or more of the component counts is vacated for good, the district court should be free to reconstruct the sentencing package . . . to ensure that the overall sentence remains consistent with the guidelines, the § 3553(a) factors, and the court's view concerning the proper sentence in light of all the circumstances. The sentence package that has been unpackaged by a reversal is to be repackaged at resentencing using the guidelines and the § 3553(a) factors.

*United States v. Fowler*, 749 F.3d 1010, 1015-16 (11th Cir. 2014) (citations omitted). He also relies on *United States v. Klopf*, 423 F.3d 1228 (11th Cir. 2005), in which the Eleventh Circuit deemed a resentencing necessary where "vacating the sentence for one count disrupts the sentencing package." 423 F.3d at 1246.

[7] Other circuits have approved of district courts applying the concurrent sentence doctrine to *Johnson* challenges, where the petitioner received a concurrent sentence on another count. *See, e.g.*, *United States v. Charles*, 932 F.3d 153, 162 (4th Cir. 2019); *Eason v. United States*, 912 F.3d 1122, 1123-24 (8th Cir. 2019).

*Williams*, 826 F.3d at 1356 (citation and internal quotation marks omitted), Leaks has failed to demonstrate that he would suffer any adverse collateral consequences if the doctrine were applied to his case. If successful, his challenge to Count One would result in a lower sentence on one count, not a vacated conviction. And as explained, the total duration of his sentence would remain unchanged. He points to no other source of prejudice.[8]

Accordingly, the concurrent sentence doctrine is applicable, precluding relief on Ground Three. Moreover, Leaks fails to establish any ineffective assistance of counsel related to the claim. Ground Three is therefore due to be denied.

### Ground Four

In Ground Four, Leaks contends his counsel was ineffective in failing to require a chemist to testify about the cocaine found in the vehicle. (cv Dkt. 16 at 26-27). In response, the United States contends the claim fails because Leaks stipulated that the substance in the vehicle was cocaine. (cv Dkt. 34 at 13-15). The Magistrate Judge determined that Leaks failed to demonstrate his counsel's performance was defective in advising him to enter the stipulation or that he was prejudiced. (cv Dkt. 101 at 10-11).[9]

---

[8] Some courts, for example, have considered but rejected the possibility that an uncorrected sentence may affect parole, Bureau of Prisons benefits, or penalties for future crimes. *See, e.g.*, *Oslund v. United States*, 944 F.3d 743, 746-48 (8th Cir. 2019) (rejecting petitioner's argument to apply sentence package doctrine); *Eason*, 912 F.3d at 1124; *Charles*, 932 F.3d at 161. And because Leaks' conviction on Count One would not be permanently vacated, the charged special assessment is unaffected. *See Ray v. United States*, 481 U.S. 736, 737 (1987).

Finally, unlike *In re Davis*, 829 F.3d 1297 (11th Cir. 2016), the record is clear that Leaks' concurrent 300-month sentence on Count Two was imposed independent of his ACCA status, since he faced a guidelines range of 360 months to life (including the mandatory consecutive 60 months on Count Three) due to the career offender status and 18 U.S.C. § 924(c) conviction. (cr Dkt. 138 ¶ 125). The imposed sentence was above the mandatory minimum on Count One and at the low end of the guidelines, in consideration of the § 3553(a) factors. (cr Dkt. 94 at 56-60). Leaks, through counsel, did previously argue that he "should still be subject to a potential downward variance sentence pursuant to 18 U.S.C. § 3553(a) now that the mandatory minimum provision of the ACCA are no longer applicable." (cv Dkt. 70 at 4). However, he provides no authority in support of this contention.

[9] Leaks objected to the Magistrate Judge's finding that the claim is procedurally defaulted. (cv Dkt. 106 at 9; cv Dkt. 101 at 10). While Leaks' ineffective assistance of counsel claim is not procedurally defaulted, to the extent he argues he is entitled to relief independent of ineffective assistance of counsel, the claim is defaulted.

Leaks objects, reasoning that counsel did not inform him about the nature of a stipulation, that he would not have stipulated had he known, and that it was error for the Magistrate Judge to note that the United States could have called a chemist as a witness. (cv Dkt. 106 at 8-10). His contentions are without merit.

First, Leaks did not raise the issue of the stipulation in his amended § 2255 motion. In any event, the stipulation was written and signed by Leaks. (cr Dkt. 92 at 115, 117). And as the Magistrate Judge correctly determined, Leaks has not shown that the stipulation constituted an unreasonable trial strategy or that the result at trial would have been different had a chemist testified. *See Floyd v. United States*, No. 8:14-cv-2290-T-27AEP, 2015 WL 1257397, at *3-4 (M.D. Fla. Mar. 18, 2015). Accordingly, Ground Four is without merit and due to be denied.

***Ground Five***

In Ground Five, Leaks contends his counsel was ineffective in failing to call as witnesses a "forensic DNA specialist," Wall, Johnson, and Stacy Bolden, who would purportedly support his claim that the firearm in the vehicle did not belong to him. (cv Dkt. 16 at 28-29). In response, the United States asserts counsel exercised a reasonable strategy in selecting witnesses to testify. (cv Dkt. 34 at 15-18). The Magistrate Judge determined that the claim fails because Leaks has not shown that the testimony of a DNA specialist would change the outcome, Wall and Johnson did testify at trial, and Leaks did not specify the content of Bolden's potential testimony. (cv Dkt. 101 at 11-12). The Magistrate Judge further noted the ample evidence against Leaks. (Id. at 12).[10]

Additionally, in his reply, Leaks contends that he suffers a mental illness, and that that a mental evaluation should have been performed on him. (cv Dkt. 30 at 14). This claim was not properly raised in his amended § 2255 motion, and in any event, he fails to support the claim with any evidence.

[10] Leaks objected to the Magistrate Judge's finding that the claim was procedurally defaulted. (cv Dkt. 106 at 11; cv Dkt. 101 at 11). While the ineffective assistance of counsel claim is not procedurally defaulted, to the extent he argues he is entitled to relief independent of ineffective assistance of counsel, the claim is defaulted.

Leaks objects, noting that Bolden, Wall, and a DNA specialist would have testified that the firearm was not his and that his fingerprints were not on the firearm. (cv Dkt. 106 at 12). His contention is without merit.

Indeed, "[w]hich witnesses, if any, to call, and when to call them, is the epitome of a strategic decision." *Conklin v. Schofield*, 366 F.3d 1191, 1204 (11th Cir. 2004). And "[i]t is well-settled in this Circuit that a petitioner cannot establish an ineffective assistance claim simply by pointing to additional evidence that could have been presented." *Hall v. Thomas*, 611 F.3d 1259, 1293 (11th Cir. 2010) (citations and alterations omitted).

Moreover, as noted by the Magistrate Judge, Wall testified that she did not place a gun in the vehicle,[11] and Johnson testified that she did not know there was one in the vehicle. (cr Dkt. 92 at 95-97). In his amended § 2255 motion, Leaks did not specify what Bolden would have testified to, although in his objection to the Report and Recommendation he states that she would have testified that the firearm was not his. (cv Dkt. 106 at 12). The testimony would therefore have been essentially duplicative of Wall's and Johnson's and unlikely to affect the result of trial. And the jury was nonetheless presented with ample evidence that Leaks possessed the firearm. *See United States v. Hatcher*, 541 F. App'x 951, 953 (11th Cir. 2013) (evaluating evidence of guilt in finding no prejudice).[12] Accordingly, the Magistrate Judge correctly determined that Ground Five is without merit and due to be denied.

---

[11] As the United States correctly observes, Leaks' speculation that Wall's testimony would have resulted in a not guilty verdict is further belied by her invoking the Fifth Amendment at trial rather than respond to basic questioning. (cv Dkt. 34 at 17 (citing cr Dkt. 92 at 51-52)).

[12] Although Leaks did not challenge the sufficiency of the evidence on appeal, in ruling on his claim that his sentence was substantively unreasonable the Eleventh Circuit noted that he "actually possessed a loaded firearm prior to his flight." *Leaks*, 518 F. App'x at 863.

***Ground Six***

In Ground Six, Leaks contends counsel was ineffective in conceding guilt on the possession of a firearm as a convicted felon and possession of cocaine charges and admitting to his prior convictions.[13] (cv Dkt. 16 at 30-31). The Magistrate Judge agreed with the United States that because counsel made the concessions strategically and with Leaks' approval, his performance was not deficient. (cv Dkt. 101 at 13-15; cv Dkt. 34 at 18-19). Leaks objects, contending that he never gave counsel permission to concede guilt and would have refused, since he pleaded not guilty. (cv Dkt. 106 at 13-15).

Leaks' contention is without merit since, even if counsel's performance was deficient, he has not shown that the result at trial would have been different had counsel not conceded guilt. Indeed, as discussed, there was ample evidence to support a guilty verdict on the firearm and cocaine possession charges, and a finding that he had prior convictions. *Hatcher*, 541 F. App'x at 953. Accordingly, the claim is due to be denied.

***Ground Seven***

In Ground Seven, Leaks contends his counsel was ineffective in denying him the right to testify. (cv Dkt. 16 at 32-33).[14] The Magistrate Judge found the claim lacked merit, since Leaks

---

[13] This claim was raised on Leaks' direct appeal. The Eleventh Circuit found that "[s]ince the record does not contain any information about trial counsel's reasons for making the allegedly deficient litigation choices, the record is not sufficient to determine whether Leaks' counsel was ineffective." *Leaks*, 518 F. App'x at 862. In counsel's affidavit, he avers that

> In light of the recorded calls and Mr. Leaks criminal history which included three convictions for simple possession of cocaine, undersigned counsel went to the Pinellas County Jail . . . to discuss the idea of trying to beat back the 18 U.S.C. § 924( c) charge by arguing that his possession of the drugs was for personal use. The goal was to win the trial on the "intent to distribute" element. . . . Understanding the ramifications, the client initialed the exterior of counsel's file "O.K. to go for lesser P.L."

(cv Dkt. 34-1 ¶ 12).

[14] Leaks also contends that counsel was ineffective in failing to call Bolden, Johnson, and Wall. (cv Dkt. 16

discussed his desire to testify with the Court before deciding not to testify. (cv Dkt. 101 at 15). Rather than specify any error in the Magistrate Judge's determination, Leaks only argues that his counsel refused to let him testify and that his testimony would have proven his innocence. (cv Dkt. 106 at 15). His contention is without merit.

As the Magistrate Judge noted, Leaks discussed his right to testify with the Court. (cr Dkt. 92 at 163-64). And to the extent counsel advised Leaks not to testify, Leaks does not point to any facts or authority suggesting that such a strategic decision constituted deficient performance. Indeed, he does not explain how his testimony would have differed from that of other witnesses, noting only that he would "verify his innocence." (cv Dkt. 16 at 32). In any event, he has not shown a reasonable probability that the result at trial would have been different if he testified, given the ample evidence against him. *Hatcher*, 541 F. App'x at 953. Accordingly, the Magistrate Judge properly determined that Ground Seven lacks merit and is due to be denied.

### Ground Eight

In Ground Eight, Leaks contends his controlled substance convictions should not have enhanced his sentence under 21 U.S.C. § 851 or supported an "armed career criminal offender" designation. (cv Dkt. 16 at 34-36). The Magistrate Judge first observed that Leaks' aggravated assault and fleeing or eluding convictions, not the drug convictions, supported the ACCA and career offender designations. (cv Dkt. 101 at 22). The Magistrate Judge also noted that the Eleventh Circuit has rejected his contention that violations of section 893.13 of the Florida Statutes should not enhance a sentence because they lack a *mens rea* element.[15] (Id. at 22-23 (citing *United States*

---

at 32). This claim has already been addressed and is due to be denied.

[15] Leaks objects to the Magistrate Judge's determination that the various claims related to sentencing are procedurally defaulted. (cv Dkt. 106 at 27-30; cv Dkt. 101 at 22). To the extent Leaks contends counsel was ineffective in failing to raise these issues, the claims are not defaulted.

*v. Smith*, 775 F.3d 1262, 1268 (11th Cir. 2014)). Leaks objects, contending that an enhancement under § 851 requires that prior predicate convictions include a *mens rea* element and that courts must adopt a categorical approach in analyzing the convictions. (cv Dkt. 106 at 27). His contentions are without merit.

As the Magistrate Judge found, Leaks' convictions for aggravated assault and fleeing or eluding supported his career offender enhancement. The maximum sentence on Count Two was increased to 30 years because he had a prior felony drug conviction. 21 U.S.C. § 841(b)(1)(C); (cr Dkt. 128 ¶ 123). He cites no authority finding that the prior drug conviction must have included a *mens rea* element. And he fails to identify any evidence indicating that the prior convictions were incorrectly assessed.[16] Accordingly, the Magistrate Judge properly determined that Ground Eight lacks merit and is due to be denied.

***Ground Nine***

In Ground Nine, Leaks contends counsel was ineffective in failing to object to the Court's reliance on a NCIC report entry in finding that the aggravated assault conviction supported the ACCA and career offender enhancements. (cv Dkt. 16 at 39-40). The Magistrate Judge noted that

---

[16] Likewise, Leaks does not support his contentions that the Court relied on non-approved documents to find that he had prior convictions, in contravention of *Shepard v. United States*, 544 U.S. 13 (2005); *see also* (cv Dkt. 58-1). Additionally, as the Eleventh Circuit noted in response to Leaks' challenge to the constitutionality of the Florida drug convictions supporting the § 851 enhancement,

> No person, who stands convicted of an offense under 21 U.S.C. § 841 *et seq.*, may challenge the validity of any prior conviction, alleged under § 851, which occurred more than five years before the date of the Information that alleged such prior conviction. Leaks concedes that he did not contest the validity of his prior Fla. Stat. § 893.101 convictions within the five-year framework set forth in 21 U.S.C. § 851(e). Thus, § 851(e) bars Leaks's collateral challenge to his 21 U.S.C. § 841(b)(1)(C) enhancement.

*Leaks*, 518 F. App'x 860, 863 (citations omitted).

Leaks further contends that "[a]ccording to the First Step Act, [his] § 851 is no longer ten (10) years, but instead five (5). The First Step Act applies to [him] based on a resentencing." (cv Dkt. 106 at 27). However, he does not specify how the First Step Act entitles to him to relief in this § 2255 proceeding.

the Court addressed the issue and did not rely on the NCIC report. (cv Dkt. 101 at 23). The Magistrate Judge further rejected his arguments that the preponderance of the evidence standard to determine whether he had the requisite convictions was unconstitutional, and that the prior convictions must be found by a jury. (Id. (citing *United States v. Holton*, 571 F. App'x 794, 798 (11th Cir. 2014))). Leaks' objections are without merit. (cv Dkt. 106 at 28).

Indeed, the Court did not rely on the NCIC entry to determine that Leaks had an aggravated assault conviction. (cr Dkt. 94 at 25-35). And he cites no authority finding that the preponderance of the evidence standard is unconstitutional. As the Magistrate Judge noted, *Alleyne v. United States*, 133 S. Ct. 2151 (2013), does not apply retroactively on collateral review or, in any event, require the jury to find a defendant had prior convictions. *See Jeanty v. Warden*, 757 F.3d 1283, 1285-86 (11th Cir. 2014). Accordingly, the Magistrate Judge correctly determined that Ground Nine is without merit and due to be denied.

### *Ground Ten*

In Ground Ten, Leaks contends counsel was ineffective in failing to object to, and appeal the admission of, the expert testimony of Lt. Antonio Gilliam, including as it related to recorded telephone conversations detailing drug sales between Leaks and other individuals. (cv Dkt. 16 at 42-43). In determining that Leaks failed to demonstrate deficient performance or prejudice, the Magistrate Judge noted that the Court considered counsel's objections to expert testimony by agents and testimony relating to the phone conversations and that Leaks fails to identify any basis to appeal the Court's ruling. (cv Dkt. 101 at 16). Rather than identify any error in the Magistrate Judge's determination, Leaks only contends that Gilliam improperly provided expert testimony. (cv Dkt. 106 at 16-17). His contention is without merit.

First, counsel did object to Gilliam's testimony. (cr Dkts. 28, 29; cr Dkt. 91 at 178-199). Second, Leaks does not identify a meritorious basis to appeal the admission of the testimony, and any argument was unlikely to succeed. Indeed, several issues were raised on appeal, and "[w]innowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy.'" *Smith v. Murray*, 477 U.S. 527, 536 (1986) (citations and internal quotation marks omitted). And in any event, there was ample evidence against Leaks, excluding the expert testimony, to support the convictions. In the absence of deficient performance and prejudice, the Magistrate Judge properly determined that Ground Ten lacks merit and is due to be denied.

### Ground Eleven

In Ground Eleven, Leaks contends his counsel was ineffective in failing to conduct an adequate investigation into and challenge the allegedly false testimony of Officer Smith. (cv Dkt. 16 at 44-45). The Magistrate Judge determined that the claim failed because Leaks offered no evidence supporting the allegations of perjury or any indication that impeachment of the testimony would have changed the outcome of trial. (cv Dkt. 101 at 17).

Rather than identify any specific error in the Magistrate Judge's determination, Leaks only contends that Officer Smith perjured himself when he testified that he observed Leaks lying down in the stopped vehicle. (cv Dkt. 106 at 17-18). Leaks reasons this testimony is false because the vehicle's windows were tinted and Leaks' size would not allow him to be in such a position. (Id. at 17). He further contends that the officer falsely testified that Nikita Johnson gave the officer her license because, once the officer saw Leaks, he said he did not need the license and instead handcuffed Leaks. (Id. at 18). His contentions are without merit.

Indeed, it would have been reasonable for an attorney to decide not to challenge the officer's testimony on such a basis, especially given the conflicting statements of Leaks and Johnson. Accordingly, counsel's performance was not deficient in failing to investigate the testimony.[17] And Leaks is unable to establish any resulting prejudice, given the evidence against him. In the absence of deficient performance and prejudice, the Magistrate Judge properly determined that Ground Eleven lacks merit and is due to be denied.

***Ground Twelve***

In Ground Twelve, Leaks raises claims of ineffective assistance of counsel and an Eighth Amendment violation, contending he was improperly "enhanced to armed career offender status for a Title 18 U.S.C. Section 924(e), but he was not indicted for Section 924(e), according to the required statute." (cv Dkt. 16 at 46-47). He further relies on *Alleyne* for the proposition that the jury was required to find that he had prior convictions to support the sentence. (Id. at 46).

However, as discussed, *Alleyne* does not require the jury to find the prior convictions. *See Jeanty*, 757 F.3d at 1285-86. And the indictment did not need to include the convictions. *United States v. Deshazior*, 882 F.3d 1352, 1358 (11th Cir. 2018). Counsel is not ineffective in failing to raise a meritless claim. *See Freeman v. Attorney General, State of Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008). Accordingly, Leaks is unable to establish deficient performance, prejudice,

---

[17] As the Supreme Court explains:

> Strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

*Wiggins v. Smith*, 539 U.S. 510, 521-22 (2003).

ineffective assistance of counsel, or an Eighth Amendment violation. Ground Twelve is therefore due to be denied.

### Ground Thirteen

In Ground Thirteen, Leaks contends his counsel was ineffective at sentencing in failing to argue the applicability of Amendment 709 to the United States Sentencing Guidelines, resulting in an assessment of "nine extra points" for which he should have received three. (cv Dkt. 16 at 48-49). The Magistrate Judge determined that, at the time of Leaks' sentencing, the amendment was already incorporated into the guidelines and accordingly, counsel was not ineffective in failing to raise this issue. (cv Dkt. 101 at 24). Leaks objects, contending that under Amendment 709 his prior state convictions should have been calculated as only one conviction to support the career offender enhancement. (cv Dkt. 106 at 27). His contention is without merit.

Indeed, at the time of Leaks' sentencing, Amendment 709 had taken effect. Leaks does not support his contention that his prior sentences should have been counted together, since there were intervening arrests between each offense for which a sentence was scored.[18] (cr Dkt. 138 ¶¶ 58-72). Counsel is not ineffective in failing to raise a meritless argument. *See Freeman*, 536 F.3d at

---

[18] The guidelines provided that

> Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day.

U.S.S.G. § 4A1.2(a)(2) (2011).

Leaks is also incorrect in his reply that the 1994 aggravated assault offense was improperly scored because it occurred more than 15 years prior to the sentencing. (cv Dkt. 61 at 2). At the time of sentencing USSG § 4A1.2(e)(1) directed courts to "count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated" within "fifteen years of the defendant's commencement of the instant offense." As the PSR noted, Leaks was released on the aggravated assault charge on December 1, 1995, and the conduct giving rise to these crimes occurred on November 19, 2010. (cr Dkt. 138 ¶¶ 2-4, 58).

1233. In the absence of deficient performance and prejudice, the Magistrate Judge properly determined that Ground Thirteen lacks merit and is due to be denied.

### *Ground Fourteen*

In Ground Fourteen, Leaks contends his counsel was ineffective in failing to object to and appeal his 300-month sentence on the basis that it exceeded the 20-year maximum in § 841(a)(1), that it was improper to enhance the sentence based on a finding that he possessed 13.5 grams of "powder cocaine, not crack cocaine," and that he was not indicted under § 841(b)(1)(A) or (B). (cv Dkt. 16 at 50).

However, Leaks is incorrect that his sentence on Count Two was enhanced based on the amount of cocaine he possessed. Rather, he committed the violation after a prior conviction for a felony drug offense, and the statutory maximum was therefore 30 years. 21 U.S.C. § 841(b)(1)(C); (cr Dkt. 73). Counsel is not ineffective in failing to raise a meritless argument, and in the absence of deficient performance or resulting prejudice, Ground Fourteen is due to be denied.

### *Ground Fifteen*

In Ground Fifteen, Leaks contends his counsel was ineffective in failing to object to the admission of the recorded telephone conversations between Leaks and other individuals. (cv Dkt. 16 at 51-53). In finding the claim without merit, the Magistrate Judge noted that the Court overruled counsel's objection on the issue and that Leaks fails to identify any basis to appeal the ruling. (cv Dkt. 101 at 17). Rather than identify any specific error in the Magistrate Judge's determination, Leaks maintains that the phone calls related to uncharged crimes and that their admission violated the Federal Rules of Evidence and the Fourth, Fifth, and Sixth Amendments. (cv Dkt. 106 at 19-20). His contention is without merit.

First, counsel did object to the admission of statements in the recorded phone calls, and

some statements were allowed and others were not. (cr Dkt. 29; cr Dkt. 92 at 56-87). Second, Leaks does not identify a meritorious basis to appeal the admission and any argument was unlikely to succeed. Accordingly, counsel was not ineffective in failing to raise the issue on appeal. *See Smith*, 477 U.S. at 536. And in any event, there was ample evidence against Leaks, excluding the admitted statements, to support the convictions. *Hatcher*, 541 F. App'x at 953. In the absence of deficient performance and prejudice, the Magistrate Judge properly determined that Ground Fifteen lacks merit and is due to be denied.

### *Rehaif Claim*

In a supplemental claim, Leaks challenges his conviction of possession of a firearm as a convicted felon under *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (cv Dkts. 99, 102, 103). The Magistrate Judge determined the claim should be denied, since *Rehaif* did not announce a new rule of constitutional law and does not apply retroactively to cases on collateral review. (cv Dkt. 101 at 17-18). Leaks objects, arguing that *Rehaif* did announce a substantive change in the law that applies to his first § 2255 motion, and that he has raised his claim within one year of the Supreme Court's ruling. (cv Dkt. 106 at 20-22). He further contends his claim is jurisdictional in nature and not subject to a procedural bar. (Id. at 22). His contentions are without merit.

Indeed, the Eleventh Circuit has found that *Rehaif* does not apply retroactively to cases on collateral review. *See In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019); *see also Yawn v. United States*, No. 8:16-CR-65-T-33JSS, 2020 WL 224546, at *2 (M.D. Fla. Jan. 15, 2020). The Magistrate Judge properly determined that the claim is due to be denied.

*Certificate of Appealability ("COA")*

Leaks is not entitled to a COA. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right," which requires him to demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); 28 U.S.C. § 2253(c)(2). Leaks has not met this standard. Because he is not entitled to a COA, he cannot appeal *in forma pauperis*.

## CONCLUSION

After review, the Report and Recommendation (cv Dkt. 101) is **ADOPTED** and **APPROVED** with the above modifications and is made a part of this order. Leaks' amended § 2255 motion is **DENIED** (cv Dkt. 16), and all pending motions are **DENIED** as moot. The Clerk is directed to enter judgment in favor of the United States and against Leaks, and to close the case.

**DONE AND ORDERED** in Tampa, Florida, on this 1st day of May, 2020.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Petitioner, Counsel of Record